*Lewis Sanders*, for appellant.

*Preston Stevenson*, for respondent.

PER CURIAM.—The order should be affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice INGRAHAM in the court below.

---

INPORTERS & TRADERS' NATIONAL BANK OF NEW YORK, Respondent, *v.* HENRY S. BURGER, *et al.*, Appellants.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Assigment for creditors. Preference.*—Where an assignment, made with intent to appropriate firm property to the payment of an individual debt, is void as to firm creditors, for the reason that it is made to hinder, defraud and delay firm creditors.
2. *Same. Ignorance of partners.*—That two members of a firm were ignorant of the fact that the preference was fraudulent, does not alter the rule.

Appeal from a judgment of special term setting aside an assignment for the benefit of creditors.

The opinion of the special term is as follows :

PATTERSON, J.—The assignment which is the subject of this action was declared by this court to be fraudulent and void as to creditors in the case of the Fourth National Bank against the defendants, and this conclusion was reached upon precisely the same evidence as that now before the court, except that contained in a stipulation and that relating to an alleged estoppel. The ground upon which the learned judge at special term decided the assignment to be invalid was that the preference given to Mrs. Burger, the wife of one of the assignors, was of a sum not constituting, in whole or in part, an indebtedness of the copartnership, and hence was of a fictitious claim. The

general term affirmed the judgment of the special term, and it is, therefore, fully adjudicated that the assignment is void, and it must be set aside on the particular facts in evidence, unless the matters contained in the stipulation, and in an affidavit relating to the alleged estoppel, are of such a character as to make a radical difference between this case and that of the Fourth National Bank.

It may be considered as now fully established that Messrs. Healy and Hurlbut, two of the assignors, did not know at the time the assignment was made of the facts and circumstances connected with the transaction by which Mrs. Burger's name was put upon the firm books as a creditor of the firm, but it does not appear that they did not know, when they executed the assignment, that Mrs. Burger was, as matter of fact, preferred as a creditor, and, unless this case discloses ignorance on the part of the two assignors named of that particular fact, it does not differ from that passed upon by the general term. Showing the want of knowledge of Burger's copartners, that the preference had actually been given to Mrs. Burger was regarded by the court as essential to raising the point now sought to be made

The court says on this subject: " But in the case at bar we have not been able to find any evidence going to show that the defendants, Hurlbut and Healy, did not know of the fact that this preference was mentioned in the schedule at the time of the execution of the assignment. It is true that the evidence shows that they were ignorant of the entries in the books made by Burger in reference to these transactions, and that they gave no authority whatever to make such entries. But we have not been able to find any denial upon the part of Healy and Hurlbut that they were aware of the fact that this assignment contained this preference to Mrs. Burger at the time they executed the same. We must, therefore, assume that they did know the fact of this preference to Mrs. Burger, and that they participated

therein with such knowledge." And they held that the whole assignment was thereby vitiated.

The additional matter contained in the stipulation in this case does not go to the extent claimed for it by the defendants, and, I think, further discussion of the topic is effectually foreclosed in this particular action by what the appellate branch of the court has already decided. The claim of the defendant that the plaintiff is estopped from disputing the validity of the assignment because it presented proof of its demand to the assignee cannot be sustained. The affidavit of Mr. Perkins shows that such proof was presented without knowledge or information of any of the circumstances impeaching the assignment.

Judgment for the plaintiff.

*A. F. Cushman and W. W. Goodrich*, for appellants.

*Stern and Myers*, for respondent.

BARRETT, J.—This judgment should be affirmed upon the authority of the Fourth National Bank *v.* Burger (15 N. Y. State Rep. 101). The opinion of PATTERSON, J., at special term, was a correct exposition of the scope of that decision, and it is here adopted. We may add that the case for the appellants is not improved by the stipulation which has been added to the previous record. Hurlbut and Healy's ignorance of the entries on the firm books with regard to Mrs. Burger's account, does not alter the situation. The important and crucial fact is that they knew she was being preferred. They were thus put upon inquiry as to her claim. The result is, that they knowingly and deliberately preferred a person who was not a creditor of the firm. To say that they believed she was a creditor, and did not know the contrary, is simply to say that they were morally guiltless of the fraud committed by their acts. They must be held to be concluded by their acts, and to

have intended the necessary consequence thereof. It would be a strange doctrine which would uphold an assignment containing fraudulent preferences, because two of the assignors believed, without inquiry, and substantially without reason, other than confidence in their copartner, that the preferences were genuine claims against the firm. The logic of such a position would be that the actual commission of such a fraud could not be redressed unless all the perpetrators had notice of the infirmity of the proposed preference. That would subordinate the act of accomplishment to the *scienter*. That is, it would subordinate the real intent, namely, the intent to do the guilty act to the intent to do it, knowing it to be guilty. That is not what the law contemplates, and such a doctrine would nullify the statute. The true rule is, that an assignment is made with intent to hinder, delay and defraud creditors, when it is made with intent to appropriate firm property to the payment of a debt for which the firm is in fact in nowise responsible.

The judgment should be affirmed, with costs.

VAN BRUNT, Ch. J., and DANIELS, J., concur.